People v D.M.-J. (2024 NY Slip Op 50079(U))

[*1]

People v D.M.-J.

2024 NY Slip Op 50079(U)

Decided on January 16, 2024

Youth Part, Erie County

Freedman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 16, 2024
Family Court, Erie County

The People of the State of New York

against
D.M.-J., AO.

Docket No. FYC-73909-23/001

Appearance of Counsel: Denise A. Herman, Esq., (Assistant District Attorney)
Giovanni Genovese, Esq., (for the Principal)

Brenda M. Freedman, J.

The People having moved pursuant to Criminal Procedure Law, Article 722, § 722.23(1), et seq. for an order preventing removal of this action to the juvenile delinquency part of Erie County Family Court, and upon reading the Notice of Motion and Supporting Affidavit of Denise A. Herman, Esq. (Assistant District Attorney), dated January 4, 2024; responsive papers dated January 10, 2024 by Giovanni Genovese, Esq., on behalf of AO D.M.-J.; oral argument and a hearing on the motion having been waived; and due deliberation having been had, the Court finds the following:
Procedural History
AO D.M.-J. is charged under FYC-73909-23 with one count of Criminal Possession of a Weapon in the Second Degree, a class C felony, contrary to Penal Law Section 265.03(3) and Obstructing Governmental Administration in the Second Degree, a class A misdemeanor, contrary to Penal Law Section 195.05.
Accessible Magistrate Samuel P. Davis, Sr. arraigned AO A.G. on December 8, 2023 and released him on his own recognizance to the custody of his mother.
On December 8, 2023, AO D.M.-J. appeared for an arraignment in Youth Part, entering a plea of not guilty. The People conceded the six-day reading, and this Court found that the charges did not meet the requirements of CPL § 722.23(2)(c) to remain in Youth Part. The People indicated that they would make a motion under CPL, Art. 722, § 722.23(1) requesting this matter not be removed to Family Court. AO D.M.-J. was released, having voluntarily accepted probation services.
The decision date of the extraordinary circumstances motion was scheduled for January 18, 2024.
Findings of Fact
It is alleged that on December 7, 2023, at approximately 9:44 PM, a call came out for Threats in Progress. While responding to the call, the police officer received another radio call stating that a group of young males were threatening an individual. Upon arrival at the scene, the officer spoke with an older man ("Complainant 1"), who advised that approximately six to eight young males had harassed and threatened Complainant 1 while he was walking his dog. While the officer and Complainant 1 were talking, a second individual ("Complainant 2") approached the officer. Complainant 2 said he had been kicked in the back by a person who the officer believed was part of the group of kids that had harassed and threatened Complainant 1. Complainant 2 described the suspect that kicked him as a young black male wearing a hoodie with yellow on it. One of the complainants stated that the suspects were right around the corner. The officer headed in that direction and approached a group of young men, one of whom was wearing a hoodie with yellow on it. The individual with the hoodie with yellow on it fled down the street and was detained shortly thereafter. That youth was positively identified as the person who kicked Complainant 2 in the back.
Two other officers reported to the Threats in Progress call. One of those officers also spoke with Complainant 1. Complainant 1 told him that one person in the group of young males was wearing a black mask. Complainant 2 told the officers that the group of males was down the street. The officers saw the group and asked the individuals to stop. The young men ignored their instructions to stop and fled from the officers. One of the officers followed the suspect with a black mask and detained him. That suspect was identified as AO D.M.-J. The officer brought the AO. to his patrol vehicle, where AO D.M.-J. stated to the officer that "he had some weed on (his person)." Additionally, upon the Officer searching the AO, he discovered a gun in his waistband, which AO D.M.-J. stated he "found in the bushes." The gun was test fired and found to be operable. Further investigation revealed that the gun was reported stolen.
Conclusions of Law
Pursuant to CPL § 722.23(1)(a), the Court shall order removal of the action to Family Court unless, within 30 days of arraignment, the District Attorney makes a written motion to prevent removal of the action. 
Pursuant to CPL § 722.23(1)(d), the Court shall deny the district attorney's motion to prevent removal unless the Court determines that extraordinary circumstances exist that should prevent the transfer of the action to Family Court. CPL § 722.23 does not define the term "extraordinary circumstances".
In People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021), the Court referenced the common dictionary and the legislative history of the Raise the Age legislation and interpreted "extraordinary circumstances" to mean that "the People's Motion Opposing Removal must be denied unless they establish the existence of an 'exceptional' set of facts which 'go beyond' that which is 'usual, regular or customary' and which warrant retaining the case in the Youth Part instead of removing it to the Family Court."
New York State Assembly members debating the Raise the Age legislation indicated that the extraordinary circumstances requirement was intended to be a "high standard" for the District Attorney to meet, and denials of transfers to Family Court "should be extremely rare". [*2]NY Assembly Debate on Assembly Bill A03009C, Part WWW, at 39, April 8, 2017; see also, People v S.J., 72 Misc 3d 196 (Fam Ct 2021). "[T]he People would satisfy the 'extraordinary circumstances' standard where 'highly unusual and heinous facts are proven and there is a strong proof that the young person is not amenable or would not benefit in any way from the heightened services in the family court'. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021) citing Assembly Record, p. 39.
The legislators indicated that in assessing "extraordinary circumstances", the Judge should consider the youth's circumstances, including both aggravating factors and mitigating circumstances. People v T.P., 73 Misc 3d 1215(A) (NY Co Ct 2021); Assembly Record, pp. 39 to 40. Aggravating factors make it more likely that the matter should remain in Youth Part, and mitigating circumstances make it more likely that the matter should be removed to Family Court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021).
Aggravating factors include whether the AO: (1) committed a series of crimes over multiple days, (2) acted in an especially cruel and heinous manner, and (3) led, threatened, or coerced other reluctant youth into committing the crimes before the court. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record, p. 40.
Mitigating circumstances are meant to include a wide range of individual factors, including economic difficulties, substandard housing, poverty, difficulties learning, educational challenges, lack of insight and susceptibility to peer pressure due to immaturity, absence of positive role models, behavior models, abuse of alcohol or controlled substances by the AO, or by family or peers. People v S.J., 72 Misc 3d 196 (Fam Ct 2021); Assembly Record at 40.
"The People may not, in any way, use the [AO's] juvenile delinquency history, including any past admissions or adjudications, in any application for removal under the statute." People v J.J., 74 Misc 3d 1223(A) [NY Co Ct 2022]; citing Family Court Act § 381.2(1); see also, People v. M.M., 64 Misc 3d at 269, supra, citing Green v. Montgomery, 95 NY2d 693, 697 (2001). 
CPL § 722.23(1)(b) mandates that every motion to prevent removal of an action to Family Court "contain allegations of sworn fact based upon personal knowledge of the affiant." This Court considered only those exhibits and documents whose content fall within the mandate of CPL § 722.23(1)(b) in making this decision.
It is alleged that AO D.M.-J. was out at 10:00 PM in a group of six to eight young males. The group of males threatened and harassed an older man walking his dog, and one of the males kicked another individual in the back. All of the young males fled from police officers when they were directed to stop. AO D.M.-J. was apprehended and placed in a patrol car. AO D.M.-J. admitted to having marijuana in his possession, and police recovered a loaded firearm from his waistband. AO D.M.-J. said he found the gun in the bushes. An investigation revealed that the gun was reported stolen. AO D.M.-J. was the only individual in the group caught with a gun. The People argue in part that this makes AO D.M.-J. a principal leader in that group, as he would be the person who could defend the group using said weapon if necessary. AO D.M.-J. was associated in a group that committed two incidents of criminal behavior within one hour. Additionally, the People argue that the behavior of the group of young men — kicking a complainant in the back and harassing and threatening an older man walking his dog — demonstrates a lack of respect for others and empathy, illustrating that AO D.M.-J. would not be amenable to Family Court services.
Counsel for AO D.M.-J. raises mitigating factors in his responsive paperwork, stating that his client has been entirely compliant with his conditions of probation, illustrating that AO [*3]D.M.-J. is capable of benefitting from the heightened services of Family Court. Defense counsel states that the handgun recovered was not used in furtherance of a crime and there were no injuries as a result of these events. Additionally, defense counsel states that there is no evidence that AO D.M.-J. was the leader of this criminal activity, or that he coerced other youth into committing the crimes alleged. Further, counsel reiterates that this was one incident, and not a series of crimes over a series of days.
While this Court might agree with many of the People's arguments, it still finds that the People have not satisfied the "extraordinary circumstances" standard. Highly unusual and heinous facts have not been proven. This youth did not use a gun in furtherance of any crimes or display the gun. Although he was seen with the youth who kicked the older man in the back, AO D.M.-J. himself did not kick that person. Despite the People's argument to the contrary, the presence of the gun on AO D.M.-J.'s person, does not prove that this youth led, threatened, or coerced other reluctant youth into committing the crimes before the court.
This Court concludes that this is not the rare, "one out of 1,000 cases" that the Legislature envisioned would remain in the Youth Part and not be removed to Family Court. (Assembly, Record of Proceedings, April 8, 2017, pp. 37-38); see People v J.M., 64 Misc 3d 259, 268 [NY Co Ct 2019]. Extraordinary circumstances do not exist to prevent the transfer of this action to Family Court. The People did not meet its burden to prevent removal of this action to Family Court. This matter shall be removed.
This constitutes the opinion, decision, and order of this Court.
SO ORDERED.
ENTER
_____________________________________
HON. BRENDA M. FREEDMAN